UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GEORGE VIDA, | Case No. 3:17-cv-1200-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| ERIK LAMPKIN; TRISH LAMPKIN, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Pro se plaintiff George Vida ("Vida") alleges defendants Erik and Trish Lampkin (collectively, "the Lampkins") manufactured methamphetamine. This is Vida's second lawsuit against the Lampkins based on substantially the same allegations. The court dismissed Vida's prior lawsuit against the Lampkins without prejudice for lack of subject-matter jurisdiction. *See Vida v. Lampkin* ("*Lampkin I*"), No. 3:17-0491-AC (D. Or. July 28, 2017). The court granted Vida leave

Page 1 - FINDINGS AND RECOMMENDATION [TJP]

to file an amended complaint, which he did not do. *See* Judgment, *Lampkin I*, ECF No. 7 (Aug. 15, 2017). Upon *sua sponte* review of the complaint, Vida's allegations once again do not show any basis for federal subject-matter jurisdiction. Accordingly, the court should dismiss Vida's complaint without prejudice, and without leave to amend. The court should also deny as moot Vida's application to proceed *in forma pauperis*.

## Legal Standard

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, the court has jurisdiction to hear cases involving a question of federal law, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332. The court must address questions of subject-matter jurisdiction at any point in the proceeding, whether raised by the parties or otherwise. FED. R. CIV. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) ("Objections to subject-matter jurisdiction . . . may be raised at any time."). Federal courts must dismiss any action where the court lacks subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3).

## Analysis

Vida's complaint alleges the Lampkins manufactured methamphetamine. (Compl. (ECF No. 1) at 4.) The complaint states that Vida resides in Oregon, but does not allege Easterday's state of citizenship. (*Id.* at 1–2.) Vida's allegations do not show any basis for federal subject-matter jurisdiction. In filing out the court-provided form complaint, Vida left the section titled "Basis for Jurisdiction" blank. (*Id.* at 3.) A review of Vida's other allegations discloses no basis for federal jurisdiction over this case.

First, federal-question jurisdiction exists where the plaintiff asserts a claim created by federal

law, or otherwise involving an important question of federal law. *See* 28 U.S.C. § 1331; *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314–15 (2005). The complaint does not show the existence of a federal question.

Second, diversity jurisdiction exists where "no plaintiff and no defendant are citizens of the same State." *Wis. Dep't of Corr. v. Schact*, 524 U.S. 381, 388 (1988); *see also* 28 U.S.C. § 1332. A federal court may not exercise diversity jurisdiction over a claim between two citizens of the same state. *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987). Vida alleges only his residence in Oregon, and fails to allege any party's state of citizenship. Thus, the complaint does not show the existence of diversity jurisdiction.

Accordingly, the complaint does not indicate any basis for federal subject-matter jurisdiction. The court should dismiss the complaint *sua sponte*, without prejudice. *Frigard v. United States*, 862 F.3d 201, 204 (1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."). The court should dismiss Vida's complaint without leave to amend, based on his failure to file an amended complaint in his previous lawsuit on the same facts.

*Conclusion*

The court should DISMISS Vida's complaint (ECF No. 2) without prejudice and without leave to amend. The court should also DENY Vida's application to proceed *in forma pauperis* (ECF No. 1) as moot.

/ / / / /

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due September 7, 2017. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 24th day of August, 2017.

JOHN V. ACOSTA
United States Magistrate Judge